# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RAVINDRA PATEL and PRATIMA PATEL,**

                       **Plaintiffs,**

**v.**                                        **Case No: 6:23-cv-1779-RBD-DCI**

**FEDERAL INSURANCE COMPANY,**

                       **Defendant.**

_____

# ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Federal Insurance Company's Expedited Motion to Quash/Modify Subpoena and for a Protective Order to Plaintiff's Amended Rule 30(b)(6) Notice of Taking Video-Recorded Deposition Duces Tecum (Doc. 29)** |
| **FILED:** | **February 26, 2024** |
| **MOTION:** | **Federal Insurance Company's Expedited Motion to Quash Subpoena *Duces Tecum* and for a Protective Order (Doc. 30)** |
| **FILED:** | **February 27, 2024** |
| | |
| **THEREON** it is **ORDERED** that the motions are **DENIED**. | |

On January 15, 2024, Plaintiffs served an Amended Notice of Taking Video-Recorded Deposition Duces Tecum (Doc. 29-2) and an Amended Notice of Production from Non-Party on Nelson Forensics, LLC (Nelson) (Doc. 30-2). Pending before the Court is Defendant's Expedited Motion to Quash/Modify Subpoena and for a Protective Order to Plaintiff's Amended Rule 30(b)(6) Notice of Video-Recorded Deposition Duces Tecum (Doc. 29) and Expedited Motion to

Quash Subpoena Duces Tecum and for a Protective Order (Doc. 30) (collectively "the Motions). Plaintiffs have filed Responses to the Motions.  Docs. 36, 37.[1]

As an initial matter, Defendant's Motions are due to be denied because Defendant has not complied with Local Rule 3.01(e).  While Defendant designated the Motions as "Time-Sensitive" when submitting the documents though CM/ECF, absent from the titles of the Motions are the words "Time Sensitive" or "Emergency."  *See* Docs. 29, 30.  Also, Defendant does not include introductory paragraphs to explain the nature of the exigency, nor does it state the dates by which rulings are requested as Local Rule 3.01(e) requires.  There is nothing in the Standing Order on Discovery Motions that alleviates parties from complying with Local Rule 3.01(e).  *See* Doc. 7. As such, the Motions are insufficient.[2]

Assuming Defendant complied with the Local Rules of this Court, the Motions are still due to be denied because Defendant lacks standing.  Defendant argues in the Motions that it has standing to move to quash because the subpoenas seek information about finances between Nelson and Defendant.  Docs. 29 at 2; 30 at 2.  Defendant contends that it has a personal right or privilege to protect its financial information in Nelson's records.  *Id*.  The Court is not convinced.

---

[1] Nelson and its employees have also filed their own "Emergency" Motions to Quash and for Protective Orders (Docs. 32, 33, 34, 35) that are not the subject of this Order because they are not ripe for review.  Plaintiffs have also recently filed a Motion for Order to Show Cause why non-party Nelson should not be held in contempt for failing to provide subpoenaed documents. Doc. 38.  The response is not yet due.

[2] Additionally, Defendant's own delay has caused the apparent need to file the Motions as expedited.  Plaintiffs served the Amended Notices on January 15, 2024, and Defendant waited over a month to bring the initial request to the Court's attention.  *See* Doc. 26, 27.  The Court denied those motions without prejudice for failure to comply with the Standing Order on Discovery and Defendant waited almost another week to file the Motions.  Taking into consideration Plaintiffs' time to respond, Defendant has limited the Court's ability to address the Motions before the deposition.  The Court takes a dim view of a party's request to rule on an expedited basis when the party has created its own exigency.

Under Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  Ordinarily a party lacks standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Maxwell v. Health Ctr. of Lake City, Inc.*, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (same).

"A party challenging a subpoena seeking the party's financial records from another source lacks standing to move to quash the subpoena under Rule 45." *Zurich Am. Ins. v. Hardin*, 2019 WL 3082608, at *2 (M.D. Fla. July 15, 2019) (citing *Popoli v. Ft. Myers Lodge #1899 Loyal Order of Moose, Inc.*, 2015 WL 9031929, at *2 (M.D. Fla. Dec. 16, 2015)).  As the court in *Zurich* explained:

> In *Auto-Owners Ins. Co. v. Southeast Floating Docs, Inc.*, the defendants moved to quash third-party subpoenas requesting the defendants' financial records. 231 F.R.D. 426, 428 (M.D. Fla. Sep. 28, 2005). The court concluded the financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore Defendants fail to establish a 'personal right' regarding the records . . . Therefore, Defendants do not have standing under rule 45 to quash the subpoenas regarding financial records. *Id.* at 429.

> To the court's knowledge, third-parties Bank of America, N.A., Wells Fargo, N.A., Cohen & Grieb, P.A., and Morgenstern, Phifer & Messina, P.A. have not objected to or otherwise opposed production of the Hardin's financial records. Like the defendants in *Auto-Owners Ins. Co.*, the defendants have not proven a personal right or privilege in the documents sought and lack standing to challenge the third-party subpoenas. Thus, the defendants' motion to quash the subpoenas at issue is denied.

*Id*. at 2.

Here, Nelson has filed its own motions to quash and for protective order that the Court will consider when ripe, but Defendant has not established a sufficient interest to create standing simply because the discovery at issue contains Defendant's financial information.  Even so, the Court notes that that it appears that Defendant bases its standing argument on the Florida Constitution. Docs. 29, 30 at 2, citing *Inglis v. Wells Fargo Bank, N.A.*, 2016 WL 2854204, at *3 (M.D. Fla. May 16, 2016).  In *Inglis*, the court found that Florida courts, as opposed to courts in the Middle District of Florida, have recognized a right of privacy in financial records under Article I, Section 23 of the Florida Constitution.  *Id*. at *3 (citations omitted).  But assuming Florida law applies, Section 23 relates to a person's right to be free from governmental intrusion; on this record, the Court is not convinced that Section 23 creates a right or privilege sufficient to confer standing for purposes of Rule 45 in this action between private parties.

But even if standing existed, *Inglis* explains further that "[a]lthough the Florida courts have recognized a right of privacy in financial records, if those records are relevant to the issues in the case, they are discoverable."  *Id*. at *3 (citations omitted).  As to relevance, Defendant seems to admit that discovery on expert bias is permitted in some regard under Florida law and the Federal Rules of Civil Procedure; Defendant even notes that the requests could be modified in some unspecified way.  *See* Docs. 29, 30 at 2-3.  Thus, even assuming standing, there is no basis to quash the subpoenas as they seek relevant discovery.

Based on the foregoing, Defendant's Motions (Doc. 29, 30) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 4, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE